IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH LUNDSTROM and**
**JANE HIBNER,**

        **Plaintiffs,**

vs.                                                             Civ. No.  07-0759 JH/WDS

**ALBUQUERQUE POLICE OFFICERS**
**DEBRA ROMERO, ANTHONY SEDLER,**
**LORENZO APODACA, EDOUARD**
**TAYLOR, and OFFICER ZAZZA GREEN**
**in their individual capacities and as**
**employees of the City of Albuquerque,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court at a hearing held May 13, 2008.  The Court heard argument on three pending motions: (1) Defendants' Motion to Exclude Plaintiffs' Expert Witnesses from Testifying at Trial [Doc. No. 65]; (2) Plaintiffs' Opposed Motion to Extend Pretrial Deadlines [Doc. No. 60]; and (3) Plaintiffs' Motion for Sanctions for Spoliation of Evidence [Doc. No. 84].

At the May 13 hearing, the Court granted the Defendants' Motion to Exclude Plaintiffs' Expert Witnesses from Testifying at Trial, finding that Plaintiffs had missed their expert witness disclosure deadline and that their request to extend it was untimely.  Under the original scheduling order in this case, Plaintiffs' expert disclosure deadline was January 9, 2008, while Defendants' deadline was February 8, 2008.  On January 2, 2008, Plaintiffs filed a motion to extend the April 8, 2008 discovery deadline, and on January 10, 2008, this Court held a hearing on the motion.  Despite the fact that these deadlines were upon them, Plaintiffs failed to request an extension of the expert witness disclosure deadlines in either their motion or at the hearing.  The Court granted Plaintiffs'

request to extend the discovery deadline, but not extend the expert witness disclosure deadlines. The Court finds unconvincing Plaintiffs' current claim that they believed these expert disclosure deadlines to be encompassed within the extended discovery deadline. The Court is also unpersuaded by Plaintiffs' contention that they were unable to identify their experts on Plaintiffs' damages and on police procedures until all depositions of lay witnesses were completed. Indeed, at the hearing Plaintiffs' counsel indicated that she met with the Plaintiffs' experts in December of 2007, which indicates that at a minimum she could have identified those experts and provided opposing counsel with their curricula vitae before the January 9 2008 expert disclosure deadline—something that Plaintiffs failed to do. For these reasons, and for additional reasons stated on the record at the hearing, the Defendants' Motion to Exclude Plaintiffs' Expert Witnesses from Testifying at Trial is granted.

As stated at the hearing and as set forth more fully below, Plaintiffs' Opposed Motion to Extend Pretrial Deadlines is granted in part and denied in part.

Finally, Plaintiffs' Motion for Sanctions for Spoliation of Evidence is denied at this time. First, although Plaintiffs make the motion as to all Defendants, they have presented no evidence to show that any defendant other than Debra Romero ever created or disposed of any police report related to the events at issue in this case. Therefore, there is simply no basis for the motion as to those other defendants. Second, as the Court stated at the hearing, Plaintiffs have failed to meet their burden to show a sufficient degree of culpability by Ms. Romero. The only evidence currently before the Court is that Ms. Romero turned in a copy of the police report to Sargent Lopez, as was proper under local police procedures, well before she disposed of the floppy disk upon which the report was saved. The Plaintiffs have not come forward with evidence to show that at the time she

disposed of the disk, Ms. Romero knew that the hard copy of the report had been misplaced.[1]  Second, having failed to depose Ms. Romero about the contents of the police report, Plaintiffs have not met their burden to establish a reasonable possibility, based on concrete evidence, that the report would have produced evidence favorable to Plaintiffs' claims.  Thus, the Plaintiffs' motion will be denied at this time.  However, the Court grants Plaintiffs leave to refile their motion against Defendant Debra Romero if they develop a sufficient factual record to support that motion.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Exclude Plaintiffs' Expert Witnesses [Doc. No. 65] is **GRANTED**;

(2) Plaintiffs' Opposed Motion to Extend Pretrial Deadlines [Doc. No. 60] is **GRANTED IN PART** and **DENIED IN PART**, and the Court will allow Plaintiffs' counsel to conduct informal interviews of additional witnesses no later than May 30, 2008; the deadline for motions related to discovery remains June 2, 2008 except as to any issues that arise as to discovery conducted after May 13, 2008, regarding which motions must be filed no later than June 6, 2008; the dispositive motion deadline and trial date remain the same; and

(3) Plaintiffs' Motion for Sanctions for Spoliation of Evidence [Doc. No. 84] is **DENIED** at this time, but the Court grants Plaintiffs leave to refile the motion against Defendant Debra Romero if they obtain new evidence to support it.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] During her argument at the May 13, 2008 hearing, counsel for Plaintiffs speculated that perhaps Ms. Romero never wrote a police report regarding the incident in this case, and therefore she had no report to turn in to Sargent Lopez.  If true, that would undermine Plaintiffs' spoliation claim, as there would be no report to destroy.