IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH LUNDSTROM and
JANE HIBNER,

      Plaintiffs,

v.                                                          CIV 07-00759 JH/WDS

ALBUERQUE POLICE OFFICERS
DEBRA ROMERO, ANTHONY SEDLER,
LORENZO APODACA, EDOUARD TAYLOR,
And OFFICER ZAZZA GREEN, in their
Individual capacities and as employees of the
City of Albuquerque

      Defendants.

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. I

**COME NOW** Defendants, by and through their respective counsel, Assistant City Attorney Stephanie M. Griffin and Michael S. Jahner, Yenson, Lynn, Allen, and Wosick, P.C., and pursuant to Fed. R. Evid. 104, 401, 403, and 404 and hereby state the following in support of their Motion In Limine No. I filed concurrently herewith:

### INADMISSIBLE EVIDENCE

Defendants have been made aware that Plaintiffs may attempt to introduce the following evidence through witness testimony and/or documents (hereinafter "inadmissible evidence"):

    1.    Unrelated Internal Affairs/Citizen Complaints and/or personnel/disciplinary matters as reflected in documents produced per the

        Court's Minute Order [doc. 61] and/or the stipulated protective order herein [doc. 24].[1]

2.    Unrelated lawsuits/claims brought against any of the Defendants.

3.    CAD and police reports pertaining to unrelated Incident on August 20, 2006 at 804 Manzano Street NE (Plaintiff Lundstrom's neighborhood). A copy of the CAD for Incident #060820000182 is attached hereto as Exhibit A.

## LEGAL ARGUMENT

### I. THE INADMISSIBLE EVIDENCE IS NOT RELEVANT EVIDENCE UNDER RULE 401

Pursuant to Rule 401 "relevant evidence" is defined as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence

In the instant case, the aforementioned inadmissible evidence is not relevant to Plaintiffs' claims against Defendants. First, the CAD and other information that may be offered relative to an incident that occurred after the fact in Plaintiffs' neighborhood (Exhibit A hereto) is plainly irrelevant. It involved others, occurred several hours after the incident giving rise to this litigation, and does nothing to inform analysis of the case at bar. The precise rationale for seeking admission of evidence as to this unrelated incident is unclear, but delving into that is beside the point, as the evidence is irrelevant and inadmissible. Indeed, none of the aforementioned inadmissible evidence is probative

---

[1] The documents that were ordered to be produced after *in camera* review are voluminous and, for purposes of filing, are to be handled under seal. Accordingly, these documents will be provided to the Court under confidential, separate cover letter so that the Court may, if so inclined, view them *in camera* in connection with disposition of this motion.

of any of Plaintiffs' claims, as there are no prior or subsequent internal affairs investigations, litigation or other personnel matters involving Plaintiffs generally and/or any of Plaintiffs' claims specifically.

The alleged "bad acts" should also be precluded from this trial because there is no municipal liability claim presented in this case. See, e.g., Calunsinski v. Kruger, 24 F.3d 931, 936 (7th Cir. 1994)(trial court properly excluded subsequent incidents involving allegations of excessive force because the plaintiffs did not have any claims against the municipality and because subsequent incidents cannot establish municipal liability ); Reynolds v. City of Little Rock, 893 F.2d 1004, 1006-07 (8th Cir. 1990) (holding that district court's decision to exclude police department's investigative files on previous instances of deadly force was not erroneous as municipal and supervisory liability claims were not before jury for consideration)

Such inadmissible evidence is also not probative of Plaintiff Lundstrom's excessive force claim (Ms. Hibner has not asserted an excessive force claim). The Eighth Circuit analyzed this issue in the case of Robinson v. City of St. Charles, Mo., 972 F.2d 974 (8th Cir. 1992). In Robinson, the plaintiffs brought a civil rights action against the city and police officers alleging, among other things, use of excessive force. Id. At trial, the plaintiffs sought to introduce the officers' personnel files as evidence of their prior bad acts and the city's knowledge of them. Id. at 975. The district court ruled that the files were inadmissible against both the police officers and the city. Id. On appeal, the plaintiffs argued that the district court erred in refusing to admit the evidence of the officers' prior bad acts to show "[w]hether the defendant police officer acted with reason

3

and control or maliciously and sadistically for the purpose of causing harm." Id. at 976. However, the Eighth Circuit was not persuaded by this argument and upheld the district court's ruling refusing to admit the officers' personnel files. Id. In reaching its decision, the court in Robinson reasoned that excessive force claims must be analyzed under the Fourth Amendment reasonableness standard set forth in Graham v. Connor, 490 U.S. 386 (1989):

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is . . . whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. . . . An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Id. at 976 (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). Based on the Graham decision, the Eighth Circuit held that the police officers' files were not relevant to show whether the police officers "acted with reason and control or maliciously and sadistically for the purpose of causing harm." Robinson, 972 F.2d at 976.

Additionally, the United States Supreme Court has found that the qualified immunity standard includes:

> The relevant, dispositive inquiry in determining whether
> A right is clearly established is whether it would be clear
> to a reasonable officer that his conduct was unlawful in
> the situation he confronted.

Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001). Therefore, in the case at bar, the specific situation involved in the subject incident must be assessed, rather than unrelated IA, litigation or other personnel matters involving unrelated incidents and scenarios, in

4

determining whether Defendants or any of them committed any constitutional violation against Plaintiffs or either of them. Moreover, Graham's "objective reasonableness" standard makes it clear that, for purposes of the Fourth Amendment, a plaintiff is prohibited from showing Defendants' underlying intent or motivation. See Graham, 490 U.S. at 397. Instead, Graham limits a plaintiff's submission of evidence to only those facts that show that the officer's decision to seize him was not objectively reasonable in light of the facts and circumstances confronting him in this case. Id. Therefore, it is clear that facts and circumstances from other unrelated instances are not probative of this inquiry. Id. Accordingly, to succeed with their Section 1983 claims, Plaintiffs must show that Defendants' actions were *not* "objectively reasonable" in light of the facts and circumstances confronting them, without regard to his underlying intent or motivation. Id. at 397. Thus, the inadmissible evidence is not relevant in this case pursuant to Fed. R. Evid. 401.

## II  THE INADMISSIBLE EVIDENCE CONSTITUTES IMPROPER CHARACTER EVIDENCE UNDER RULE 404

Federal Rule of Evidence 404(a) provides that: "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. . .." Fed. R. Evid. 404(a). "This rule is necessary because of the high degree of prejudice that inheres in character evidence. In most instances, [the Tenth Circuit is] unwilling to permit a jury to infer that an individual performed the alleged acts based on a particular character trait." Perrin v. Anderson, 784 F.2d 1040, 1044 (10th Cir. 1986) (citing Fed. R. Evid. 404 advisory notes). Moreover, Federal Rule of Evidence 404(b) states the following: "[e]vidence of other crimes,

5

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). See also Hopson v. Frederickson, 961 F.2d 1374, 1379 (8th Cir. 1992) ("showing a 'proclivity to engage' in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [Rule 404(b)]"); Donald v. Rast, 927 F.2d 379, 381 (8th Cir.), cert. denied, 502 U.S. 827 (1991) (evidence that an officer had been reprimanded on several occasions properly excluded as character evidence); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir. 1991) (prior complaints against police after showing an aggravated state of mind was improper character evidence); Jones v. Hamelman, 869 F.2d 1023, 1027 (7th Cir. 1989) (testimony of inmate regarding the callous indifference by prison official toward the protection of inmates properly excluded, *inter alia*, because it did not fit within a Rule 404(b) exception); Tyler v. White, 811 F.2d 1204, 1206 (8th Cir. 1987) (district court did not err in refusing to allow plaintiffs to show that prison officer was transferred to another facility for carrying brass knuckles after the incident in question); Hirst v. Gertzen, 676 F.2d 1252, 1262 (9th Cir. 1982) (deputy's prior violent and brutal acts constitute inadmissible character evidence); Eigeman v. City of Great Falls, 723 F. Supp. 522 (D. Mont 1989) (finding that new trial not warranted on basis of newly discovered evidence that police officer was involved in a subsequent unrelated incident because such evidence "would serve to take the focus of the jury away from the question of what actually happened at the time of that confrontation, and direct it to the character of the defendant . ... This is precisely what Fed. R. Evid. 404 is designed to prohibit.") To admit other crimes, wrongs, or acts under Fed. R. Evid. 404(b), the proponent must provide a clear

and logical connection between the alleged earlier offense or misconduct and the case being tried. See United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987) (discussing the inadmissibility of evidence of prior or subsequent bad acts to show action in conformity therewith).

In the instant case, Defendants' actions in prior and subsequent incidents (*see* footnote one, *supra*) do not prove that they violated Plaintiff's civil rights. Similarly, unrelated civil rights lawsuits and/or settlements thereof inadmissible. E.g., Chamberlain v. City of Albuquerque, 2005 WL 2313527 (D.N.M. 2005). Instead, the only thing which the unrelated internal affairs investigations and/or involvement in other litigation tend to prove is Plaintiffs' attempt to imply and/or show that Defendants have bad character. Rules 404(a) & (b) expressly prohibits such evidence. Therefore, pursuant to Fed. R. Evid. 404, this Court should preclude Plaintiffs from offering character evidence and evidence that Defendants engaged in alleged prior and subsequent "bad acts."

### III. THE INADMISSIBLE EVIDENCE CANNOT WITHSTAND THE RULE 403 BALANCING TEST

Even if the inadmissible evidence is somehow relevant and/or fits within one of the exceptions provided by Rule 404(b), this Court should still exclude this evidence under Federal Rule of Evidence 403 because it cannot withstand Rule 403's balancing test. Rule 403 reads in pertinent part:

> Although relevant, evidence may be excluded
> if its probative value is substantially outweighed
> by the danger of unfair prejudice, confusion of the
> issues or misleading the jury . . ..

Fed. R. Evid. 403; see also McEwen v. City of Norman, 926 F.2d 1539, 1549-50 (10th Cir. 1991) (unfair prejudice "cannot be equated with testimony which is simply unfavorable to a

party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.") In this case, any attempt by Plaintiffs to introduce the inadmissible evidence should be precluded because of the danger of unfair prejudice to Defendants and because confusion of the issues will substantially outweigh its probative value. See, e.g., Soller v. Moore, 84 F.3d 964 (7th Cir. 1996); Berkovich, 922 F.2d 1018 (2nd Cir. 1991) (finding that district court did not abuse its discretion in observing that introduction of prior complaints against a police officer would "inflame the situation" and thus should be excluded under Rule 403);

In the Soller case, Joan Soller, the mother of Brian Satermo, brought a Section 1983 action against police officer Eric Moore as a result of the shooting death of Satermo after a high-speed chase. Id. Prior to trial, the district court granted a motion in limine prohibiting Soller from introducing evidence that Officer Moore was involved in another shooting which Soller claimed to be strikingly similar. Id. at 967. The jury found in favor of Officer Moore, and Soller appealed. Id. On appeal, Soller challenged the district court's order precluding her from presenting evidence of the prior incident involving Officer Moore. Id. Soller had sought to introduce the prior incident under Fed. R. Evid. 404(b). Id. at 968. The Seventh Circuit Court of Appeals upheld the district court's ruling refusing to admit evidence of the prior incident. Id. In reaching its decision, the court in Soller reasoned that even assuming the evidence was relevant, the district court did not abuse its discretion in finding that the probative value of the evidence was substantially outweighed by unfair prejudice, confusion of the issues, and other considerations based on delay. Id. Specifically, the court in Soller expressed concern should such evidence be admitted at trial.

8

> If received, the trial could have detoured into an entire replay of [prior] encounters. A trial within a trial could have resulted. While we're certain the district judge could have structured the presentation of the issues in such a way as to cabin the evidence a bit, all sorts of irrelevancies could have conceivably crept into the case nevertheless. We are confident that the district court carefully balanced the issues here and, in the exercise of discretion, opted to take a restrictive approach. We cannot say, based on this record, that the judge abused his discretion in making the call.

Id.  In the instant case, evidence regarding Defendants' actions in prior and subsequent unrelated incidents will undoubtedly confuse the issues in this case and mislead the jury, thus making a determination of Plaintiff's claims on the merits unlikely. Additionally, such evidence would undoubtedly interject collateral issues that would shift the jury's attention away from the subject incident. Hence, in defending against the prejudicial effect of such inadmissible evidence, Defendants would be forced to introduce evidence from each incident to show that Defendants' actions were proper and reasonable. Such a process would undoubtedly result in a series of mini-trials. See, e.g., Kinan v. City of Brockton, 876 F.2d 1029 (1st Cir. 1989) (evidence of prior lawsuits filed against the defendant officer was properly excluded because the admission of such evidence "would inevitably result in trying those cases or at least portions of them, before the jury."). Moreover, if Defendants' involvement in unrelated instances of alleged misconduct is admitted at trial, such evidence will unfairly prejudice Defendants. See Donald v. Rast, 927 F.2d 379 (8th Cir. 1991)(evidence of past disciplinary action against officer was not admissible under Rule 403); Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986)(district court properly excluded evidence, pursuant to

9

Rules 403 and 407, of police officer's admission, during a disciplinary hearing, of violating city policy.) Accordingly, the Court may also grant the relief sought by Defendants on the ground that the Rule 403 balancing test tips in Defendants' favor,

**WHEREFORE,** Defendants respectfully request that the Court grant their Motion in Limine No. I.

Respectfully submitted:

CITY OF ALBUQUERQUE
Robert M. White, City Attorney

/s/ Stephanie M. Griffin, Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
*Attorney for Defendants Sedler, Apodaca, Taylor & Green*

YENSON, LYNN, ALLEN & WOSICK, P.C.

/s/ Michael S. Jahner
Michael S. Jahner
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736

*Attorneys for Defendant Debra Romero*

I hereby certify that the foregoing
was sent via NEF to:

Frances A. Crockett
1000 Second St. NW
Albuquerque, NM 87102

And

Kari T. Morrissey
201 12th Street NW
Albuquerque, NM 87102-1815

this 2nd day of September, 2008.

<u>/s/ Michael S. Jahner</u>