IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH LUNDSTROM and
JANE HIBNER,

    Plaintiffs,

v.                                            CIV 07-00759 JH/WDS

ALBUERQUE POLICE OFFICERS
DEBRA ROMERO, ANTHONY SEDLER,
LORENZO APODACA, EDOUARD TAYLOR,
And OFFICER ZAZZA GREEN, in their
Individual capacities and as employees of the
City of Albuquerque

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. II

**COME NOW** Defendants, by and through their respective counsel, Assistant City Attorney Stephanie M. Griffin and Michael S. Jahner, Yenson, Lynn, Allen, and Wosick, P.C., and pursuant to Fed. R. Evid. 104, 401, 402 and 403, and hereby state the following in support of their Motion In Limine No. II filed concurrently herewith:

### INADMISSIBLE EVIDENCE AT ISSUE

Defendants have been made aware that Plaintiffs intend to introduce Albuquerque Police Department Standard Operating Procedures (hereafter "SOP") and/or testimony pertaining thereto as evidence at the trial of this matter. Presumably, Plaintiffs intend to offer evidence of the SOPs themselves, as well as evidence intended to demonstrate that actions undertaken by any one or more of the Defendants allegedly violated same or were otherwise not in conformity with SOP. Any such evidence is irrelevant and inadmissible per this Circuit's application and interpretation of the Federal Rules of Evidence. *See*,

e.g., *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005); *Chamberlain v. City of Albuquerque*, 2005 WL 2313527 (D.N.M. July 31, 2005; Hon. James Browning).

## LEGAL ARGUMENT

**I.     SOP EVIDENCE IS NOT RELEVANT UNDER F.R.Evid. 401 and 402**

Pursuant to Rule 401 "relevant evidence" is defined as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Per Rule 402, evidence that is irrelevant is inadmissible. As is clear from controlling precedent in the Tenth Circuit and this District, SOPs are irrelevant to the Fourth Amendment reasonableness inquiries to be undertaken by the fact finder at the trial of this matter and are, therefore, inadmissible. *Chamberlain v. City of Albuquerque*, 2005 WL 2313527 (D.N.M. July 31, 2005; Hon. James Browning) (following *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005) and *Marquez v. City of Albuquerque*, 399 F.3d 1216 (10th Cir. 2005), Court did not allow introduction of SOPs on use of force, use of canines, response to mentally ill/suspected mentally ill and rights of onlookers into evidence, as same were irrelevant to Fourth Amendment reasonableness requirement and assessment of reasonableness of police officer's conduct).

In *Sholtis*, the Court determined that SOP themselves are not relevant to federal claims arising from alleged violation by police officers of rights afforded citizens by the Fourth Amendment. 401 F.3d at 1164. SOP evidence simply does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence, as a jury will be

2

obliged to determine Fourth Amendment reasonableness and, in that regard, action in conformity with SOP does not make it more or less likely that the Defendants officers' acted reasonably under the totality of the circumstances. *Id.* at 1163. While evidence of SOPs and alleged violations thereof "might well be pertinent to the Albuquerque Police Department's future decisions to promote, retain, or discipline [officers,] it is not relevant to determining if . . . the reasonableness requirement of the Fourth Amendment" was violated. *Id.* at 1164.

The language of *Marquez* and *Sholtis* "is sufficiently broad and sweeping to encompass the SOPs at issue in this case[1]," and per those cases, "evidence of the SOPs is irrelevant to whether [Defendants] acted objectively reasonably" such that this Court "should preclude [Plaintiffs] from offering testimony or evidence about SOPs on [their federal claims]." *Chamberlain*, 2005 WL 2313527 at p. 4.

### III. SOP EVIDENCE CANNOT WITHSTAND THE RULE 403 BALANCING TEST

Even if SOP evidence is somehow relevant, this Court should still exclude this evidence under F.R.Evid. 403 because it cannot withstand Rule 403's balancing test. Rule 403 reads in pertinent part:

> Although relevant, evidence may be excluded
> if its probative value is substantially outweighed
> by the danger of unfair prejudice, confusion of the
> issues or misleading the jury . . . .

---

[1] Plaintiffs apparently will seek to introduce SOPs as to use of belt tapes, records and reports, search and seizure, arrests, use of force, informants and use of computer systems for impeachment purposes. Alleged violations of any or all of these SOPs is, per the cited authorities herein, irrelevant as a matter of law. Whether or not any one or more of the officers acted in conformity with any one or more of these SOPs does nothing to inform the jury's analysis of whether the officers acted with objective reasonableness as required by the Fourth Amendment.

3

In *Sholtis*, the court affirmed the trial court's exclusion under Rule 403 of SOP evidence relative to pendent state law claims. The Court upheld exclusion under Rule 403, because of "the likelihood that the jury could confuse legal and administrative standards." 401 F.3d at 1164. The Court also observed that use of administrative standards as evidence would create a disincentive to adopt progressive standards, and that SOPs should not be used as evidence of violation of a legal standard, because it could sidetrack the jury into considering tangential disputes and may tempt a jury to mistakenly equate violation of SOPs with violation of applicable law – two decidedly different things. *Id.* at 1164-65. On the other hand, to the extent SOPs track federal law, their admission would "add[] nothing to the evidence Plaintiffs [are] allowed to adduce. *Id.* at 1166. Accordingly, the Court may also grant the relief sought by Defendants on the ground that the Rule 403 balancing test tips in Defendants' favor. The Court in *Chamberlain* so ruled, and Defendants respectfully request this Court do likewise. *Chamberlain*, 2005 WL 2313527 at p. 4.

**WHEREFORE,** Defendants respectfully request that the Court grant their Motion in Limine No. II.

Respectfully submitted:

CITY OF ALBUQUERQUE
Robert M. White, City Attorney

/s/ Stephanie M. Griffin, Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
*Attorney for Defendants Sedler, Apodaca, Taylor & Green*

4

YENSON, LYNN, ALLEN & WOSICK, P.C.

*/s/ Michael S. Jahner*
Michael S. Jahner
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736

*Attorneys for Defendant Debra Romero*

I hereby certify that the foregoing was sent via NEF to:

Frances A. Crockett
1000 Second St. NW
Albuquerque, NM 87102

And

Kari T. Morrissey
201 12th Street NW
Albuquerque, NM 87102-1815

this 2nd day of September, 2008.

*/s/ Michael S. Jahner*