IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH LUNDSTROM and
JANE HIBNER,
        **Plaintiffs,**

vs.          CASE NO: 07-00759 JH/WDS

ALBUQUERQUE POLICE OFFICERS
DEBRA ROMERO, ANTHONY SEDLER,
LORENZO APODACA, EDOUARD TAYLOR,
and OFFICER ZAZZA GREEN, in their individual
Capacities and as employees of the City of Albuquerque,
        **Defendants**.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF HIS FIRST MOTION IN LIMINE

Plaintiffs move the Court to exclude any proffered evidence on the matters set forth below because such evidence would be inadmissible for the reasons set forth. This is a civil rights action for damages arising from the fact that Defendants used physical force and the power of their office as city police officers to illegally search Plaintiff Joseph Lundstrom's home and person as well as illegally seize his person. In addition, Plaintiff Joseph Lundstrom alleges that Defendants physically and verbally assaulted him, and unreasonably detained him in violation of the Fourth Amendment, on August 19, 2006. Plaintiff further alleges that he was falsely arrested. Plaintiff Jane Hibner alleges that on the same date Defendants unreasonably detained her in violation of the Fourth Amendment and that she was falsely arrested.

### I. IRRELEVANT AND INADMISSIBLE EVIDENCE

Plaintiffs argue that the following evidence which Defendants seek to introduce is both irrelevant and inadmissible:

1. any and all mention of the statement written by Plaintiff Lundstrom on August 19, 2006;

2. any and all medical records and medical testimony which mention the written statement made by Plaintiff on August 19, 2006;

3. any and all mention of Plaintiff Lundstrom's statement that he thought about, desired to run over, kill, or harm police before he sought treatment from the Behavioral Hospital; and

4. any and all mention through medical testimony or through medical records of Plaintiff Lundstrom's statement that he thought about, desired to run over, kill, or harm police before he sought treatment from the Behavioral Hospital.

## II. LEGAL ARGUMENT

Defendants argue that their actions were reasonable and justified under the law because Defendants contends that Plaintiff was refusing to exit his home and there was speculation provided by a 911 caller that there was a child that was being told that he/she could not come inside the home unless he/she "shut the f*ck up" and that there was possibly slapping of the child. Plaintiff contends that had he been given proof via identification other than a badge that can be purchased online or through a uniform store that he would have come out and he would not have been injured. Plaintiffs also contends that they posed virtually no threat to the Defendants, let alone a threat which an objectively reasonable officer would meet with force the officer knew causes serious injuries, both physically and mentally.

The reasonableness standard by which the Officers' actions are tested is articulated in Graham v. Connor, 490 U.S. 386 (1989). In Graham, the United States Supreme Court

held that all claims of excessive force arising in the course of an arrest or investigatory stop are properly characterized as claims under the Fourth Amendment and are evaluated under the standard of "objective reasonableness."  Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case.  Id. at 393-97.  The fact finder must determine whether the totality of the circumstances justifies a particular seizure, Id. at 396, and the amount of force used.

Under this standard, an officer's subjective intent, or his good will or good faith, does not matter.  Id. at 397.  What matters is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Id..

This language expressly refers to the facts and circumstances "confronting them", that is to say, the facts and circumstances which would be apparent to officers as they make their decisions.  Facts and circumstances known to others, or discovered after the fact, are not a part of this calculus.  As the Court articulated: "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight".  Id. at 396. This is a critical piece of Fourth Amendment jurisprudence in this case because the Defendants' defenses are moored in hindsight, and essentially merely pursue character attacks of Plaintiff.

When a police officer used deadly force in reaction to a robbery suspect's "quick movement with his hand into his coat," the jury was not to be permitted to know whether or not the suspect really had a gun in his coat.  *See,* Sherrod v. Berry, 856 F.2d 802, 803 (7th Cir. 1988).  The officer had already ordered the suspects to raise their hands three times, and

3

the suspects had refused. Id. In addition, the officer had already recognized one of the suspects from prior assault and robbery investigations. Id. The court ruled that the jury was not to be permitted to have any "more information than the officer possessed when he made the crucial decision." Id. at 805. The jury was to "judge the reasonableness of [the officer's] actions based upon the information [the officer] possessed and the judgment he exercised in responding to that situation." Id. at 804-805. In this instant case, the only relevant information as to the Officers' decision to seize, search, arrest, and use excessive force is what they possessed on that night in question, not what occurred after they had cleared the call.

For purposes of this motion, there should be no mention of anything that Defendants learned later about the Plaintiff through their lawyers' investigations. After-acquired information Defendants want to pursue includes all the facts regarding the statement written by Plaintiff Lundstrom on August 19, 2006. Mr. Lundstrom wrote the statement after the Defendants attacked him. Furthermore, Defendants want to try and introduce statements made by Plaintiff Lundstrom that he thought about, desired to run over, kill, or harm police before he sought treatment from the Behavioral Hospital. Mr. Lundstrom made these statements on a treatment intake sheet after he drove himself to the urgent care facility to seek medical treatment for his physical injuries he had sustained after being attacked by the Defendants.

None of these has anything whatsoever to do with the Defendants' knowledge at the scene. Rule 402, 403, 404, and 608(b) prevents all of this after-acquired information.

### III. RULE 402, 403, 404, and 608(b) PREVENT THE ADMISSION OF PLAINTIFF LUNDSTROM'S STATEMENTS MADE AFTER THE INCIDENT

The character of Plaintiff is not relevant to the determination, or any element, of Defendants' liability. Federal Rule of Evidence (hereinafter "FRE" 402) specifically excludes irrelevant evidence. What Plaintiff said or did after the incident is not relevant to the liability of Defendants or to the damages sustained by Plaintiff on the night in question. For the same reasons, in many civil cases, evidence that a store fixed the broken chair that caused Plaintiff's injury is not admissible. Subsequent acts are not relevant and as such are not admissible as irrelevant evidence is not admissible.

Furthermore, the Rules of Evidence prohibit character evidence to be used in the manner Defendants propose. Rule 403 prohibits evidence intended to arouse emotional response, including human instincts to punish, judge, or criticize. Mention of the statements made by Plaintiff, specifically that relate to his feelings towards the police would be unfairly prejudicial to Plaintiff and offers no probative value to liability issues. The evidence Defendants seek to introduce in this situation fails the balancing test of Rule 11-403.

Rule 404(a) states that such evidence is generally inadmissible for the purpose of proving action in conformity therewith on a particular occasion. Rule 404(b) re-states that linch-pin of American jurisprudence, but then allows other purposes might be so probative that evidence of prior bad acts or past "wrongs" might still come in, such as plan, intent, proof of motive. Here there is no dispute that Plaintiff Lundstrom refused to open the door absent some form of identification verifying that the woman at his door pointing a gun at him was an officer, and that was her motive, intent and plan. There is no issue in dispute that merits tipping the Rule 403 balance to allow any of the prejudicial "smear" campaign type material into evidence.

Joseph Lundstrom's character is not in issue. This is no element of the claims made by Plaintiffs, like in a slander case where a plaintiff is "dishonest" or a defendant pleads "truth as a defense". The defense wants to use "character" here as a basis for further inferences, but character is not a terminal point of proof at "in issue". Rule 404 prohibits using character inferences derived from other extrinsic acts separated in time and space from the events in question, to suggest propensities to act in conformity therewith.

Rule 608(b) prohibits use of extrinsic evidence to attack credibility, unless in the discretion of the Court it is probative of truthfulness. However, there is no indication that Plaintiff has not been truthful in this litigation; use of some document written by the Plaintiff after the incident or medical record violates Rule 608. Only prior acts involving an element of dishonesty or deceit are appropriate for interrogation.

For the foregoing reasons, Plaintiff asks that the above items be excluded from trial, or in the alternative, to require side bars before defense counsel inquires into these areas in front of the jury, in voir dire, opening statements, or by any defense witnesses, all matters not relevant to Plaintiff's actual claims of liability or damages, or which are more prejudicial than probative.

    Respectfully submitted,

*/s/ Frances A. Crockett*
Frances A. Crockett
1000 2nd Street NW
Albuquerque, NM 87102
505.244.1400; fax 244.1406

*Attorney for Plaintiffs*

6

I hereby certify that a true and complete copy of the foregoing was delivered electronically this 2nd day of September 2008 to counsel for Defendants.

*/s/ Frances A. Crockett*
Frances A. Crockett