IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH LUNDSTROM and
JANE HIBNER,

      Plaintiffs,

vs.                                                    CIV No. 07-759 JCH/WDS

ALBUQUERQUE POLICE OFFICERS
DEBRA ROMERO, ANTHONY SEDLER,
LORENZO APODACA, EDOUARD TAYLOR,
and ZAZZA GREEN, in their individual
capacities and as employees of the
City of Albuquerque,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Joseph Lundstrom's and Jane Hibner's, Defendant Debra Romero's, and remaining Defendants Anthony Sedler's, Lorenzo Apodaca's, Edouard Taylor's, and Zazza Green's (the "remaining Defendants") various motions for judgment as a matter of law. The Court commenced a jury trial on the underlying case on April 16, 2012. At the close of Plaintiffs' case, on April 19, 2012, all parties moved for judgment as a matter of law. The parties subsequently renewed their motions at the close of all evidence the following day, and the Court agreed to take the motions under advisement. The Court, having considered the motions, arguments, evidence at trial, and relevant law, and being otherwise fully informed, finds that the parties' motions are not well taken and will not be granted.

## FACTUAL BACKGROUND

The factual background in this case has been set forth in considerable detail elsewhere,

including in this Court's Memorandum Opinion and Order dated September 11, 2008 (Doc. 136) and in the Tenth Circuit's 2010 Opinion, 616 F.3d 1108 (10th Cir. 2010). (Doc. 149 Ex. 1). Therefore, a general familiarity with the facts will be assumed.

## LEGAL STANDARD

A motion under Rule 50 should only be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury [did] not have a sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In deciding a Rule 50 motion, the Court must "draw[] all reasonable inferences in favor of the nonmoving party" and should grant the motion only "if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1112 (10th Cir. 2004) (internal citations omitted). This standard "is a difficult and high [one] for the movant to satisfy." *Smith v. United States*, 555 F.3d 1158, 1160 (10th Cir. 2009). In reviewing the evidence in the record, the Court must "refrain from making credibility determinations or weighing the evidence." *The Guides, Ltd. v. Yarmouth Group Prop. Mgmt.*, 295 F.3d 1065, 1073 (10th Cir. 2002).

## DISCUSSION

### I. The Parties' Arguments

Plaintiffs move for judgment as a matter of law based on the following evidence: none of the Defendant officers personally spoke to the 911 caller whose report prompted the events at issue; Plaintiff Lundstrom himself called 911 seeking assistance; no Defendant had a warrant to search his home; Defendant Romero did not engage Plaintiff Hibner in any conversation about

the purported reason for her visit before handcuffing her; Ms. Hibner was not physically resistive; Mr. Lundstrom eventually complied with officers' orders to exit his house and did not resist his subsequent handcuffing; and there was no indicia of a child's presence at the Lundstrom residence. Plaintiffs' motion does not address any of their state tort claims or explain how a reasonable jury could not find a basis on which to find for Defendants on any of them.

In support of her Rule 50 motion, Defendant Romero cites this Court's earlier determination that her drawing of her weapon during the first portion of her encounter with Plaintiffs at the front door of the Lundstrom residence was lawful, which was affirmed by the Court of Appeals. She further cites the testimony of Plaintiff Lundstrom that – while his back was to the person(s) who handcuffed and used force on him, so that he could not be certain as to his or her identity – he believed the individual(s) to be male from his or her stature and strength; in addition to testimonial evidence at trial that Romero did not participate in the search of the Lundstrom residence, as purportedly establishing that a reasonable jury could not find that she unreasonably seized or used excessive force on Plaintiff Lundstrom, or unreasonably searched his residence.  Defendant Romero further argues that Plaintiff Hibner's testimony and her dialogue with the 911 operator conclusively establish that Hibner was generally uncooperative, and, thus, that her handcuffing by Romero was reasonable under the circumstances.  Defendant Romero does not address any of the state tort claims against her or explain how a reasonable jury could fail to find in her favor on any of them.

The remaining Defendants contend that they are entitled to judgment as a matter of law under the theory that all officers on the scene worked under a "team concept," such that any information to which Defendant Romero was privy and on which she relied should also be imputed to them.  Moreover, they argue that, while it is undisputed that Plaintiff Lundstrom was

3

handcuffed and placed in a patrol car, Plaintiffs have not met their burden to show which, if any, of the officers did the handcuffing or witnessed the alleged ensuing use of force on Lundstrom. Defendants also cite their own testimony at trial that Lundstrom was angry during his encounter with them and that Hibner was "hysterical" as *ipso facto* proof that their seizures were reasonable to ensure officer safety, and their own testimony that they were concerned that the child mentioned by the 911 caller was inside the house as incontrovertibly establishing that their warrantless search of the residence was justified by exigent circumstances.[1]

## II. Application of the Rule 50 Standard

The Court finds that none of the parties have met the heavy burden of establishing that they are entitled to judgment as a matter of law. Plaintiffs have failed to establish that a reasonable jury, having heard the evidence adduced at trial, including Defendants' testimony, would not have a sufficient evidentiary basis to find for Defendants as to each of Plaintiffs' claims.

Similarly, the Court finds that Defendant Romero has failed to show, sufficient to satisfy the Rule 50 standard, that the evidence points but one way, and that no reasonable inferences can be drawn in Plaintiffs' favor on any of their claims against her. Likewise, the Court finds that there is a sufficient evidentiary basis from which a reasonable jury could conclude that the remaining Defendants are liable on each of Plaintiffs' claims.

Accordingly, the parties' motions for judgment as a matter of law will be denied.

---

[1]Defendants also suggest that they are entitled to judgment as a matter of law on qualified immunity grounds, on the argument that recent 10th Circuit case law supports the position that it is inappropriate to define a clearly established law at a high level of generality, and that, according to defense counsel, the question of whether exigent circumstances exist is "all over the place" in this Circuit. The Court does not find that Defendants are entitled to Rule 50 relief on these grounds.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Judgment as a Matter of Law*, Defendant Romero's *Motion for Judgment as a Matter of Law*, and the remaining Defendants' *Motion for Judgment as a Matter of Law* are DENIED.

_____
UNITED STATES DISTRICT JUDGE